OPINION
{¶ 1} In November of 1988, appellants, Floyd and Patricia Foster, entered into three agreements with appellee, Betty Cox. The agreements were a lease agreement for appellants to lease a building in order to operate a bar, with an option to purchase; an agreement stating the price of the building in the event the option was exercised; and a purchase agreement wherein appellants paid to appellee $10,000 for the liquor permit, $5,000 for goodwill and $137,200 for inventory, equipment and fixtures. The "Equipment and Fixtures," "Food and Miscellaneous" and "Alcoholic Beverages" were listed in a ten page exhibit attached to the purchase agreement.
 {¶ 2} Appellants operated the bar until 1998. On November 6, 2000, appellee filed a complaint against appellants for breach of contract, claiming appellants committed waste to the building in excess of ordinary wear and tear. A bench trial was held on October 5, 2001 and January 10, 2002. By judgment entry filed April 9, 2002, the trial court found in favor of appellee in the amount of $52,449.57.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in concluding that the lease agreement and purchase agreement were irreconcilable and that the appellants leased, and did not purchase, the personal property items and fixtures for which they paid $110,000."
 II {¶ 5} "The trial court erred in allowing the plaintiff-appellee replacement cost after a ten year commercial lease (a) without any evidence of fair market value of the rental unit as a whole or the individual items, (b) without any evidence as to diminution in value (c) without any depreciation allowance and (d) without regard for the fact that the appellants had installed some of the items at their own cost during the tenancy."
 I {¶ 6} Appellants claim the trial court erred in disregarding the purchase agreement. We agree.
 {¶ 7} The lease agreement with option to purchase (Plaintiff's Exhibit A) that the parties entered into provided for appellants to lease the following:
 {¶ 8} "The Premises presently occupied by Twilite Lounge Bar and Restaurant, located at 237 W. 3rd Street, Dover, Ohio, together with all fixtures. These premises include the basement immediately under the present Twilite Lounge."
 {¶ 9} The purchase agreement (Defendant's Exhibit A) that the parties entered into at the same time as the lease agreement provided for appellants to purchase the following:
 {¶ 10} "The business herein conveyed, shall be that business now known as the Twilite Lounge located at 237 W. Third Street, in Dover, Ohio, together with the inventory, fixtures, and equipment, all of which have been inventoried and stated on Exhibit A which is attached hereto and made a part of this Purchase Agreement. The real estate specifically is not included in this Contract."
 {¶ 11} The purchase agreement under paragraph eight specifically designated the following assets:
 {¶ 12} "1. Goodwill $5,000.00
 {¶ 13} "2. Value of Liquor Permit 10,000.00
 {¶ 14} "3. Inventory 1,200.00
 {¶ 15} "4. Fixtures 27,200.00
 {¶ 16} "5. Equipment 108,800.00"
 {¶ 17} In its judgment entry filed April 9, 2002, the trial court concluded "[i]t is legally impossible to reconcile the Lease Agreement and the Purchase Agreement executed between the parties and, thus, the Court concludes that the Defendants did not purchase either the real estate or fixtures attached to the real estate * * * but, instead, leased said premises." Based upon this conclusion of law, the trial court found the lease agreement controlled and assessed damages, finding appellants "breached the terms of the Lease Agreement by causing or allowing to be caused destruction and/or waste to the real estate and/or fixtures and failed to restore the premises to a similar condition as existed at the commencement of the lease term" in violation of paragraphs six and twelve of the lease agreement.
 {¶ 18} Although it is clear appellants did not "purchase" the fee premises via the option, it is very clear appellants purchased the liquor permit and several physical assets on the premises prior to leasing the premises. In fact, appellee admitted to the sale of the cited assets. T. at 97.
 {¶ 19} Based upon appellee's testimony and Plaintiff's Exhibit 1, it is clear certain damage claims were made regarding items sold in the asset purchase agreement. A claim was made for the repair of bar stools, but sixteen bar stools were sold in the asset purchase agreement. A claim was made for refrigeration repairs, but the refrigerators were sold in the asset purchase agreement.
 {¶ 20} Although we do not question that extensive repairs were necessary when the leased premises were surrendered, we are unable to reconcile the trial court's determination of damages. We find the trial court erred in disregarding the asset purchase agreement.
 {¶ 21} Assignment of Error I is granted.
 II {¶ 22} Appellants claim the trial court erred in determining the damages amount. Based upon our decision in Assignment of Error I, we find this assignment to be moot. We are unable to reconcile the amount of damages vis à vis the asset purchase agreement because of the lack of line by line findings by the trial court.
 {¶ 23} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Lease v. asset purchase agreement — damages after lease.